UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHEN PALMA,

    Plaintiff,

v.                                                         CASE NO. 5:10-CV-00117-OC-34JBT

FLORIDA NEUROLOGICAL CENTER,
LLC and DR. LANCE KIM,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion [to] Withdraw Admissions Deemed Admitted (Doc. 23) and Defendants' Response thereto (Doc. 29). The Motion is due to be **GRANTED**.

This action was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (*See* Doc. 1.) Plaintiff's instant Motion seeks to withdraw his purported admissions that are deemed admitted as a result of his counsel's failure to timely respond to Defendants' Request for Admissions to Plaintiff, which is dated April 12, 2010. (Doc. 23.) Defendants' Request for Admissions asked Plaintiff to admit, *inter alia*, that he was exempt from the overtime provisions of the FLSA, a dispositive issue as to Plaintiff's claim. (Doc. 29, Ex. A, ¶ 11.)

Defendants respond Plaintiff had an ample opportunity to respond to the Request for Admissions as Defendants had sent numerous letters to Plaintiff regarding discovery deadlines, which were ignored. (Doc. 29.) Defendants argue Plaintiff has clearly violated Rule 36(a) and (b) of the Federal Rules of Civil Procedure by failing to answer the Request for Admissions within applicable time frames. (*Id.*) However, Defendants do not argue that they will be prejudiced by withdrawal. (*See id.*)

Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The same Rule also provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would **promote the presentation of the merits of the action** and if the court is not persuaded that it would **prejudice** the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b) (emphasis added).

As the Eleventh Circuit recognized in *Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002), the above Rule sets forth a two-part test which must be followed by the Court. In this case, both prongs of the test are clearly satisfied. First, withdrawal will promote presentation of the merits of the action. Defendants themselves recognize in their Motion for Summary Judgment that: "Plaintiff has effectively admitted that he is exempt from the overtime provisions of the [FLSA] due to his failure to respond to Defendant's [sic] Request for Admissions," and thus, "there are no issues of material fact and Summary Judgment should be entered in favor of Defendants." (Doc. 21.) The Rule recognizes that there is an obvious interest in cases being decided on the merits and not based on inadvertence or other factors. Second, Defendants have not even argued prejudice and it is obvious there is none. As pointed out by Plaintiff, the discovery deadline is more than six months away and no depositions have been taken yet. Therefore, the Court finds that Plaintiff should be permitted to withdraw his purported admissions.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion [to] Withdraw Admissions Deemed Admitted (**Doc. 23**) is **GRANTED**.

2. If Plaintiff has responded to Defendants' Request for Admissions, his responses are deemed timely. If Plaintiff has not yet responded to the Request for Admissions, he may do so **on or before November 10, 2010**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 21, 2010.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:    Counsel of Record