UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHEN PALMA,

      Plaintiff,

v.                                               Case No.: 5:10-cv-00117-MMH-TBS

FLORIDA NEUROLOGICAL
CENTER LLC, a Florida
corporation, and DR. LANCE
KIM, individually,

      Defendants.

_____/

REPORT AND RECOMMENDATION ON
DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED MOTION
FOR RULE 11 SANCTIONS AND PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS[1]

      Pending before the court are the amended motion (Doc. 56) of defendants,

Florida Neurological Center, LLC ("FNC") and Dr. Lance Kim for the imposition of Rule

11 sanctions against the plaintiff, Stephen Palma and the plaintiff's motion (Doc. 58) for

the imposition of Rule 37 sanctions against the defendants.[2]  The court issues this

Report and Recommendation following a hearing on both motions.

I. Background.

      FNC owns and operates a medical facility in Marion County, Florida.  Dr. Kim

owns and manages FNC.  Mr. Palma was employed by FNC from May, 2008 until

---

      [1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and
Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report
and recommendation.  Failure to file timely objections shall bar the party from a de novo
determination by a district judge and from attacking factual findings on appeal.

      [2]At the hearing, the defendants withdrew their request that the court sanction the
plaintiff's lawyer and he in turn, withdrew his client's prayer that the court sanction
defense counsel.  Transcript, (Doc. 86) Page 103, Lines 1-12 and Page 123, Line 6-
Page 124, Line 6.

February, 2009.  Now, he is suing the defendants for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201, et. seq.  (Doc. 1).  The defendants are affirmatively defending the claim on grounds which include that Mr. Palma was an exempt employee as defined in 29 CFR Part 541.300. (Doc. 28)  Because this is an FLSA case, the court's Scheduling Order (Doc. 7) waived the provisions of Rule 26(a)(1) and Local Rule 3.05(c)(2)(B) and (d) concerning the initial disclosures.

In September, 2010, counsel for Mr. Palma propounded Interrogatory No. 9 to the defendants asking them to state whether they had "obtained any statements, reports, memoranda or recordings from any person which in any way concerns the facts of this case or the matters alleged in the pleadings."  The defendants answered "None." (Doc. 58-1).  However, when they responded to this interrogatory, the defendants were in possession of the transcript of a deposition (Doc. 66-2) Mr. Palma had given in the case of Jessica Nippers v. Alta Schaefer, Case No.: 08-5269-CA-B in the Circuit Court in and for Marion County, Florida.  Mr. Palma's testimony in that deposition concerning his duties and responsibilities while employed by FNC would if true, prove the defendants' affirmative defense that he was an exempt employee.  The defendants did not disclose the Nippers transcript to their lawyer until a few days before he was going to take Mr. Palma's deposition on March 16, 2011.  At the deposition, the defendants' lawyer asked Mr. Palma many of the same questions he had been asked in the Nippers deposition and he gave contradictory answers which if true, would show he was not an exempt employee.  (Doc. 62).

Defense counsel was in possession of the Nippers transcript for approximately six weeks before he produced it to plaintiff's counsel.  He made the production two days

2

prior to the close of discovery and five days later the defendants amended their answer to Interrogatory No. 9 to reference the transcript.  (Doc. 58-2).

Although the plaintiff's lawyer believes the defense "ambushed" him, he is grateful and "thanks God" because his late discovery of the Nippers transcript caused him to take depositions he might not otherwise have taken which bolster his case and today, he believes Mr. Palma will win at trial.[3]

II. The Amended Rule 11 Motion.

In their motion for Rule 11 sanctions (Doc. 56) the defendants say Mr. Palma's deposition testimony in the Nippers case is true and his testimony in this court is false. On this basis they conclude that Mr. Palma has committed perjury in this court, the institution of this lawsuit was not reasonable under the circumstances, it is frivolous, should be dismissed with prejudice and he should be required to pay their attorneys' fees and costs.  In his response (Doc. 66), Mr. Palma says whatever lies he told occurred in the Nippers deposition, his testimony in this case is true, consistent with the testimony of other witnesses and consistent with the "thousand" or "thousands" of emails he has uncovered (in reality, 34 emails).[4]  (Doc. 88-2)  He believes he has made a prima facie case even without his own testimony and he says the defendants have not met their burden of proving he was an exempt employee.

After addressing the defendants' contentions, Mr. Palma uses his response to

---

[3] Transcript (Doc 86), Page 51, Lines 18-20; Page 55, Lines 19-23; Page 73, Lines 20-21 and 24; Page 74, Lines 19-20; Page 76, Lines 15-19; and Page 85, Line 13-Page 86, Line 14.

[4] Transcript (Doc. 86), Page 50, Lines 4-5; Page 51, Lines 18-20; Page 52, Lines 20-21; Page 74, Lines 2-3; and Page 74, Line 12.

allege FNC, Dr. Kim and their attorney have committed fraud on the court in this case and in the FLSA case of Jeaneen Harding v. Florida Neurological Center, LLC, Case No. 5:07-cv-00214-WTH-GRJ.  Mr. Palma says when he deposed Dr. Kim the defendant fraudulently concealed the Harding case and defense counsel sat silent during the deposition when he had a duty to correct his client's testimony.  He also asserts that the defendants "unlawfully" settled the Harding case, it was dismissed without prejudice without court approval and "the settlement agreement seems to have been deliberately hidden from Judge Hodges who was assigned to the 2007 case."  He also avers that "[b]oth attorneys in Harding made four explicit misrepresentations to the Court."  At the hearing Mr. Palma's lawyer expanded upon his accusations of wrongdoing by the defense and their witnesses stating:

> I mean, everybody has committed perjury.
> And I'll go - - I'm going to go through - - and I'll be as brief as I can -
> - and succinctly point out probably 50 or 60 counts of perjury
> committed by all players on defendant's side.[5]

This court was concerned with whether plaintiff's counsel was intending to make statements of opinion or fact concerning the veracity of the defense witnesses and the defendants' alleged fraud.  In response to the court's questions Mr. Palma's lawyer assured the court that he was stating facts.[6]

The plaintiff believes the Rule 11 motion against him is based upon the defendants' contention that they have proven their affirmative defense that he was an exempt employee and not on any alleged fraud on this court.  Contrary to the plaintiff's

---

[5] Transcript, (Doc. 86), Page 44, Lins 14-19.

[6] Transcript, (Doc. 86), Page 70, Line 25-Page 71, Line 7; and Page 94, Lines 4-15.

belief, the Rule 11 motion is not solely based upon the defense claim that he was an exempt employee.[7]  The motion also alleges: "[i]n the instant case, there is no question that Plaintiff/Counter-Defendant abused the judicial process by giving demonstrably false sworn deposition testimony in this case.  Plaintiff/Counter-Defendant materially changed his sworn testimony for his pecuniary benefit and committed perjury in doing so."[8]

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 110 S.Ct. 2447 (1990).  If, as the defendants contend, Mr. Palma's testimony concerning his employment by FNC in Nippers is true then his contradictory testimony in this case must be false and seemingly offered for the improper purpose of prosecuting a claim which has no basis in fact.[9]  If the defendants are correct, this constitutes bad faith and an abuse of our judicial system by Mr. Palma which is sanctionable under Rule 11.  Pope v. Federal Express Corp., 974 F.2d 982, 984 (8th Cir. 1992).  However, it will be up to the jury as the trier of fact to decide which deposition Mr. Palma lied in.  Until the jury makes its determination, the defendants' motion is premature.

III. The Rule 37 Motion.

Mr. Palma's motion for Rule 37 sanctions (Doc. 58) is based upon the defendants'

---

[7] Transcript, (Doc. 86), Page 43, Lines 13-19.

[8] Document 56, pages 7-8.

[9] Transcript, (Doc. 86), Page 84, Line 22-Page 85, Line 1.

answer to Interrogatory No. 9 which failed to disclose the existence of the Nippers transcript.  He argues the defendants compounded their error by breaching their Rule 26(e) continuing duty to supplement and correct their answer until after the close of discovery.  The defendants believe they "timely" supplemented their interrogatory answer once their lawyer found out about the transcript, Mr. Palma has always known what he said in the Nippers deposition and the only surprise he experienced was learning his prior testimony had been discovered. (Doc. 62)   The defendants have not explained their failure to correctly answer Interrogatory No. 9 when it was originally propounded.

The court permitted Mr. Palma to serve a reply (Doc. 75) in which he says "[b]y purposefully failing to supplement its discovery responses, Defendants effectively cut-off Plaintiff's ability to clarify his Nippers testimony and rehabilitate his credibility prior to trial."  Then he returned to accusing the defendants of misleading this court, committing fraud on the court, accusing Dr. Kim of fraudulent concealment, accusing defense counsel of breaching a duty to correct his client's allegedly false deposition testimony and accusing the defense of walking out of the mediation after ten minutes (the defendants deny any bad faith conduct at the mediation).

Rule 37(c) authorizes sanctions for failing to disclose or supplement earlier discovery responses unless the party's conduct was "substantially justified or is harmless."  The types of sanctions available to the court for violations of this part include prohibiting use of the information at a hearing or the trial, the court can also award attorneys' fees and costs, inform the jury of the party's discovery violation and "impose other appropriate sanctions."  Mr. Palma contends the defendants' conduct was not

justified, this court should impose severe sanctions including striking the defendants' second affirmative defense that he was an exempt employee and prohibit any use of the Nipper's transcript by the defense.  He is also requesting attorneys' fees and costs.

The defendants were obligated to disclose the transcript when they first answered plaintiff's Interrogatory No. 9.  Thereafter, they had a duty to supplement and correct their response which they failed to do until May 2, 2011 which was after the close of discovery.  In determining whether the defendants' failure to disclose the transcript sooner was substantially justified or harmless for purposes of Rule 37(c)(1) the court considers the following five factors: (1) the surprise to the plaintiff; (2) the plaintiff's ability to cure the surprise; (3) the extent to which allowing the Nippers testimony will disrupt the trial; (4) the importance of the testimony; and (5) the defendants' explanation for their failure to make earlier disclosure of the testimony.  Collins v. United States, 2010 WL 4643279, *5 (M.D. Fla.) citing Two Men and a Truck Int'l, Inc. V. Residential & Commercial Transp., Co., LLC, 2008 WL 5235115, *2 (N.D. Fla).

Mr. Palma's lawyer was certainly surprised when he received his client's testimony in the Nipper's case and the court anticipates that testimony will have a significant impact on the trial.  If plaintiff's counsel had known about the testimony before Mr. Palma was deposed he could have dismissed this lawsuit if he believed the testimony was true or prepared his client to explain during the deposition the reasons why the Nippers testimony is not true and why he gave false testimony in that case. Because Mr. Palma is continuing to prosecute this action he is going to have to explain his contradictory testimony to the jury and therefore, the prejudice which he brought upon himself will exist regardless of whether his lawyer had known about his earlier

testimony before he was deposed in this case.  However, he may have been able to lessen the sting had he offered his explanation when the defense deposed him.

The defendants have not offered any credible explanation for their failure to not disclose the Nippers transcript until six weeks after they gave it to their lawyer and the court rejects their contention that once it was in their attorney's possession he timely produced it to the plaintiff.  Because the testimony supports the defendants' affirmative defense that Mr. Palma was an exempt employee and is responsive to Interrogatory No. 9, it should have been provided without delay.  The only plausible explanation for the defense delay after their attorney had the transcript was to gain a tactical advantage over plaintiff.

Under these circumstances the court does not find the defendants' failure to correctly answer Interrogatory No. 9 in the first instance, to sooner produce the Nippers transcript or amend their interrogatory answer harmless or substantially justified. However, the sanctions requested by Mr. Palma are too drastic.  Cases are best decided on their merits which will not occur if the defense cannot fully litigate its exempt employee defense.  Whatever prejudice Mr. Palma may have suffered from not learning about the Nippers transcript until after he was deposed appears to be outweighed by the benefits.  His lawyer is thankful he did not learn about the Nippers testimony sooner and reports benefitting from the delay.  Under these circumstances the striking of the defendants' affirmative defense and a prohibition against the use of the Nippers transcript at trial would unfairly punish the defendants and, if he lied in this case, relieve Mr. Palma from the consequences of his own perjury.  Therefore, the alternate sanctions permitted by Rule 37(c)(1) are better suited to the instant violation.  Requiring the

8

defendants to pay plaintiff's reasonable expenses, including attorneys' fees for the prosecution of this motion and if requested by plaintiff, informing the jury of this discovery violation will appropriately sanction the defendants' misconduct.

IV.     The Bounds of Advocacy and the Importance of Candor to the Court.

The undersigned has been a lawyer for over thirty years and a judge for almost ten and has never been involved in a case in which an attorney has made so many accusations of fraud and perjury against his opponents.  This case is also remarkable because with limited exceptions, the accusations, all of which are advanced as fact, not opinion, have nothing to do with the issues on these two motions.  Is the plaintiff advancing the illogical argument that any sin on his part is eclipsed by the defendants' sins and therefore, he should be excused from his wrongdoing or is he making these gratuitous assertions in hopes of poisoning the court's mind against the defendants? Both are improper.  While attorneys have a professional obligation to zealously advocate their clients' cases within the boundaries of ethical, professional conduct,  it has long been recognized that lawyers should not express their personal opinions about the credibility of witnesses or the justness of their client's causes.  Counsel are reminded of the Preamble to the Rules of Professional Conduct, Rule 4-3.3 and the cases discussing the Rule and should avoid the making of improper arguments in the future.

V. Recommendation.

For the foregoing reasons, the undersigned respectfully RECOMMENDS that:

1.      The Defendants/Counter-Plaintiffs' Amended Motion for Rule 11 Sanctions (Doc. 56) should be DENIED WITHOUT PREJUDICE; and

2.      The Plaintiff's Motion for Rule 37 Sanctions (Doc. 58) should be

9

GRANTED.  As a sanction, the defendants should be required to pay the plaintiff's reasonable attorneys' fees and costs for the prosecution of his motion and if he desires, the jury should be informed of this discovery violation by the defendants.

Respectfully submitted this 7th day of September, 2011.


THOMAS B. SMITH
United States Magistrate Judge


Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record