**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

STEPHEN PALMA,

        Plaintiff,

v.                                                      Case No. 5:10-cv-117-Oc-34TBS

FLORIDA NEUROLOGICAL CENTER,
LLC, and DR. LANCE KIM,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendants/Counter-Plaintiffs' Amended Motion for Rule 11 Sanctions with Supporting Memorandum of Law (Doc. No. 56; Rule 11 Motion). Plaintiff filed Plaintiff's Response to Defendants' Amended Motion for Rule 11 Sanctions (Doc. No. 66; Rule 11 Response) on June 17, 2011. Also before the Court is Plaintiff's Motion for Rule 37 Sanctions (Doc. No. 58; Rule 37 Motion) filed on June 3, 2011. On June 14, 2011, Defendants filed the Defendants/Counter-Plaintiffs' Response to Plaintiff/Counter-Defendants Motion for Rule 37 Sanctions and Memorandum of Law (Doc. 62; Rule 37 Response). After the Court granted Plaintiff's motion for leave to file a reply in support of the Rule 37 Motion, see Doc. No. 70, Plaintiff filed his Reply in Support of Plaintiff's Motion for Rule 37 Sanctions (Doc. No. 75; Rule 37 Reply) on July 5, 2011.

**I.     Background**

Pursuant to Rule 6.01, Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), the undersigned designates discovery motions to the assigned magistrate judge for resolution. As such, the Rule 37 Motion was referred to the Honorable Thomas B. Smith, United States Magistrate Judge, for his determination. In light of the similar and overlapping nature of the issues presented in the Rule 37 Motion and the Rule 11 Motion, the Court also referred the Rule 11 Motion to Judge Smith for preparation of a "report and recommendation regarding an appropriate resolution of the Motion." Doc. No. 80. Judge Smith conducted a hearing on both the Rule 37 Motion and the Rule 11 Motion on August 17, 2011. See Doc. No. 83. On September 7, 2011, Judge Smith entered a Report and Recommendation on Defendants/Counter-Plaintiffs' Amended Motion for Rule 11 Sanctions and Plaintiff's Motion for Rule 37 Sanctions (Doc. No. 92; Report) recommending that the Rule 11 Motion be denied without prejudice and that the Rule 37 Motion be granted, in part. See Report at 9-10. Thereafter, Plaintiff filed objections to the Report, see Plaintiff's Objections to Magistrate Report and Recommendation on Plaintiff's Motion for Rule 37 Sanctions (Doc. No. 94; Plaintiff's Objections), to which Defendants responded, see Defendants' Response to Plaintiff's Objection to Magistrate Report and Recommendation (Doc. No. 96; Defendants' Response to Objections). Additionally, on September 21, 2011, Defendants filed their objections to the Report, see Defendants/Counter-Plaintiffs' Objection to Report and Recommendations and Argument (Doc. No. 95; Defendants' Objections), to which Plaintiff responded, see Plaintiff's Response

to Defendants' Objection to Report and Recommendations (Doc. No. 98; Plaintiff's Response to Objections). Thus, this matter is ripe for review.

## II.   Rule 37 Motion

Initially, the Court notes that although the Magistrate Judge included the resolution of the Rule 37 Motion in the Report, because that motion addresses pretrial discovery issues, neither a report and recommendation nor review by the District Judge was required. Indeed, as the Rule 37 Motion relates to discovery matters and does not seek to dispose of a claim or defense of any party, it is a nondispositive motion. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure (Rule(s)) and Local Rule 6.01(c)(18), the Magistrate Judge possessed the authority to decide the Rule 37 Motion. See 28 U.S.C. § 636(b)(1)(A); Rule 72(a); Local Rule 6.01(c)(18). Thus, the Court construes the Magistrate Judge's recommendation in the Report with respect to the Rule 37 Motion as an order resolving the Rule 37 Motion.

Although the Magistrate Judge was authorized to resolve the Rule 37 Motion, Rule 72, nevertheless, provides an avenue for a party to seek review of that decision by filing timely objections. See Rule 72(a). To prevail in an objection to a magistrate judge's determination of a discovery motion such as the Rule 37 Motion, the objecting party must establish that the conclusions to which it objects are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649

F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[1] NAACP v. Fla. Dep't of Corr., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[2] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] "Although an unpublished opinion is not binding . . . it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[3]  Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery.  See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also Local Rule 6.01(c)(18) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

After a careful and complete review of the Magistrate Judge's resolution of the Rule 37 Motion and the parties' respective Objections and Responses to Objections, the Court finds that the Magistrate Judge's decision to grant Plaintiff's Rule 37 Motion was neither clearly erroneous nor contrary to law.  Accordingly, the parties' objections are due to be overruled, and in accordance with the Magistrate Judge's determination, the Rule 37 Motion will be construed as granted to the extent set forth in the Report, and otherwise denied.

---

[3]  The Court notes some authority that the contrary to law standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999).  In this Circuit, however, the contrary to law standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.").  Nonetheless, even to the extent the contrary to law standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused.  See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review.  But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

### III.     Rule 11 Motion

Unlike the Rule 37 Motion, the Court referred the Rule 11 Motion to the Magistrate Judge "for a report and recommendation regarding an appropriate resolution of the Motion." Doc. No. 80. In the Report, the Magistrate Judge recommends that the Rule 11 Motion be denied without prejudice. Report at 9. Although Plaintiff and Defendants filed objections to the Report, they objected only to the Magistrate Judge's determination of the Rule 37 Motion, not to his recommendation that the Court deny the Rule 11 Motion without prejudice. See generally Plaintiff's Objections; Defendants' Objections. Thus, neither party has objected to the Magistrate Judge's recommendation that the Court deny, without prejudice, the Rule 11 Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon consideration and review of the record, including the transcript of the August 17, 2011 motion hearing, and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the conclusions reached by the Magistrate Judge in recommending that the Rule 11 Motion be denied without prejudice. Accordingly, the Court finds that the Rule 11 Motion is due to be denied without prejudice.

**IV.     Conclusion**

Having determined that the Magistrate Judge's resolution of the Rule 37 Motion was neither clearly erroneous nor contrary to law, the Court concludes that the objections to the Rule 37 Motion are due to be overruled. Additionally, upon review, the Court accepts and adopts the Magistrate Judge's conclusions relating to the Rule 11 Motion. Accordingly, the Rule 11 Motion is due to be denied without prejudice.

In light of the foregoing, it is hereby **ORDERED**:

**1.**  Plaintiff's Objections to Magistrate Report and Recommendation on Plaintiff's Motion for Rule 37 Sanctions (Doc. No. 94) are **OVERRULED**.

**2.**  Defendants/Counter-Plaintiffs' Objection to Report and Recommendations and Argument (Doc. No. 95) is **OVERRULED**.

**3.**  Plaintiff's Motion for Rule 37 Sanctions (Doc. No. 58) is **GRANTED**, as set forth in the Report and Recommendation, and otherwise **DENIED**.

**4.**  The Magistrate Judge's Report and Recommendation on Defendants/Counter-Plaintiffs' Amended Motion for Rule 11 Sanctions and Plaintiff's Motion for Rule 37 Sanctions (Doc. No. 92) is **ADOPTED** as the opinion of the Court.[4]

---

[4]In doing so, the Court notes that the citation on page seven of the Report should read as follows: Collins v. United States, No. 3:08-cv-923-J-32JRK, 2010 WL 4643279, at *4 n.6 (M.D. Fla. Nov. 9, 2010) (quoting Two Men and a Truck Int'l, Inc. v. Residential & Commercial Transp. Co., LLC, No. 4:08cv67-WS/WCS, 2008 WL 5235115, at *2 (N.D. Fla. Oct. 20, 2008)).

**5.** Defendants/Counter-Plaintiffs' Amended Motion for Rule 11 Sanctions with Supporting Memorandum of Law (Doc. No. 56) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers on December 9, 2011.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc14

Copies to:

The Honorable Thomas B. Smith, United States Magistrate Judge

Counsel of Record